18839—State, ex rel Willys-Overland Co. v. J. D. Clark et al.; in Prohibition. Writ allowed. Marshall, C. J., Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur. Dock. 11-28-24, 2 Abs. 754.

## MOTION DOCKET

18911—C. W. Loughead Co. v. Le George Hollenkamp. Motion to certify, Hamilton Appeals. Overruled. Dock. 1-15-25, 3 Abs. 28.

18912—C. W. Loughead Co. v. Hazel Hollenkamp. Motion to certify; Hamilton Appeals. Overruled. Dock 1-15-25, 3 Abs. 28.

# Abstracts of Last Week's SUPREME COURT OPINIONS

## SYLLABI.
### No. 309

**1279—WORK AND LABOR.**

Sec. 17-1, GC. forbidding employment of labor in a municipally owned public utility more than 48 hours per week, relates to construction work and not maintenance.

**1277—WORDS.**

1. Altered language in draft of an article submitted for constitutional amendment, given meaning naturally imported by the words used.

2. "Did require and permit" a workman to labor on public work more than 48 hours per week, in an indictment under 17-1 GC. is not bad for duplicity.

---

### No. 310

**1283. WORKMEN'S COMPENSATION:**

1. When Industrial Commission rejects a claim and appeal is perfected, a judgment against claimant in common pleas, until vacated, modified or reversed, is complete and final.

2. When Commission on rehearing, ignores the judgment and makes an award in favor of claimant, the employer is entitled to writ of prohibition from Supreme Court to restrain further action.

KINKADE, J.

1. When an application is made to the Industrial Commission, pursuant to the provisions of the Workmen's Compensation Act, for an award to cover an injury alleged to have been received by an employe in the course of his employment and the Industrial Commission rejects the claim, and an appeal from such order is perfected to the Court of Common Pleas, pursuant to the provisions of Section 146-90, General Code, and judgment is rendered against the claimant in that court, such judgment, until vacated or modified by the court entering the same, or reversed or modified by a higher court upon proceedings in er-

## OHIO SUPREME COURT—Continued

ror, is a complete and final adjudication against the validity of such claim.

2. When the defendant in such appeal is the employer of the appellant, and the appellant, ignoring the judgment entered against him, seeks a rehearing of his claim before the Industrial Commission, and the commission also ignoring the judgment, grants his application and makes an award in his favor, the employer is entitled to a writ of prohibition from the court restraining further action by the commission in favor of the appellant.

Writ allowed.

Marshall, C. J., Jones, Matthias, Day, and Allen and Robinson, JJ., concur.